UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-10021-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GLENROY PARCHMENT, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant, **Christopher Patrick Campbell's** Motion to Determine Jurisdiction (DE 46), which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation. The motion is fully briefed and an evidentiary hearing was conducted on March 26, 2012. The matter is ripe for consideration.

### I. FACTS PRESENTED

The Defendant is charged by indictment with conspiracy and possession of 100 kilograms or more of marijuana with intent to distribute while on a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. Sections 70506(b) and 70503(a). The underlying complaint alleges that on October 26, 2011, while on routine patrol in international waters, approximately 50 nautical miles from the coast of Jamaica, personnel on board a United States Coast Guard (USCG) cutter spotted a panga styled "go fast" vessel. A boarding party was launched from the cutter, based on suspicion that the vessel was engaged in illicit activity. As the boarding party approached, the crew on board the suspect vessel began jettisoning bales into the water. A helicopter was launched so that the jettisoned bales could be located.

The boarding team observed that the vessel was flying no flag and displayed no home port or registration numbers. One of the three individuals on board the suspect vessel, Glenroy Parchment, identified himself as the vessel's master, and stated that he and the vessel were of Haitian nationality. USCG personnel contacted the Government of Haiti and ascertained that the Haitian authorities could neither confirm nor deny that the vessel was registered in Haiti. Accordingly, the USCG determined that the vessel was without nationality and was subject to the jurisdiction of the United States.

The boarding team then transferred the three persons on board the suspect vessel, including Defendant Campbell, to the cutter. USCG members confiscated from the nearby waters 37 bales of marijuana, with a total weight of approximately 1,000 kilograms. Each of the three individuals, after being advised of their <u>Miranda</u> rights, admitted that he knew he was transporting marijuana, and this was the reason they had thrown the bales overboard. All three were placed under arrest and transported to Key West, Florida.

At the hearing on the instant motion, the Government introduced into evidence a document bearing the seal of the United States Department of State, certifying that the Government of Haiti had been contacted and had been unable to confirm or deny the suspect vessel's registry. The parties stipulated that the vessel was intercepted in international waters, that there was no evidence the marijuana was headed to the United States and that the Defendant is a Jamaican national.

## II. <u>RECOMMENDATIONS OF LAW</u>

In the instant motion, the Defendant contends that this Court lacks jurisdiction on the following grounds: (1) 46 U.S.C. Section 70502(d)(2) is unconstitutional because it violates the Confrontation Clause of the Sixth Amendment and the evidence is insufficient to establish that he was aboard a vessel subject to the jurisdiction of the United States; (2) the Maritime Drug Law Enforcement Act, 46 U.S.C. Section 70501, *et seq*. (MDLEA) violated his rights under the Due

Process Clause of the Fifth Amendment by exercising jurisdiction over him because he has no contacts with the United States, and (3) the MDLEA is an unlawful extension of Congress' power to define and punish piracies and felonies committed on the high seas.  The Defendant concedes that if this Court determines that the suspect vessel was stateless and without nationality, his second and third arguments have been rejected by the Eleventh Circuit Court of Appeals, and he further states that these arguments have been advanced in order to preserve them for review by the United States Supreme Court.  (DE 46 at 8, 10) *See*, *e.g.*, United States v. Rendon, 354 F.3d 1320 (11th Cir. 2003); United States v. Marino-Garcia, 679 F.2d 1373 (11th Cir. 1982).

The Defendant's remaining argument addresses the constitutionality of 26 U.S.C. Section 70502(d)(2), which deals with vessels without nationality, and provides:

> **(2) Response to claim of registry.**--The response of a foreign nation to a claim of registry under paragraph (1)(A) or (C) may be made by radio, telephone, or similar oral or electronic means, and is proved conclusively by certification of the Secretary of State or the Secretary's designee.

The Defendant argues that this provision violates his right under the Confrontation Clause of the Sixth Amendment.

In response, the Government points out that the jurisdictional requirement of the MDLEA is not an element of the offense, but a preliminary matter to be determined by the trial judge.  United States v. Tinoco, 304 F.3d 1088, 1108-09 (11th Cir. 2002).  Additionally, the jurisdictional requirement of this statute "is unique because it is not meant to have any bearing on the individual Defendant, but instead is meant to bear only on the diplomatic relations between the United States and foreign governments."  Id. at 1109.  Since the jurisdictional requirement of the statute is not an element of the offenses with which the Defendant is charged, and since it vindicates the rights of foreign governments rather than those of the Defendant, the provision which allows the

United States to establish by means of radio or telephonic contact that a vessel is stateless does not violate the Defendant's Sixth Amendment right to confrontation of witnesses.

Accordingly, the undersigned finds that the State Department certification introduced into evidence by the Government is sufficient to establish that this Court has subject matter jurisdiction over the offenses alleged to have been committed by the Defendant while on the high seas, and that the statutory offenses with which the Defendant is charged are not unconstitutional on their face or as applied to the Defendant.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Defendant, **Christopher Patrick Campbell's** Motion to Determine Jurisdiction (DE 46) be **GRANTED**, and it is further

RECOMMENDED that the Court find that it has jurisdiction over the Defendant and the offenses charged.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 27th day of March, 2012.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record